1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
9                  AT TACOMA

10

JON NORDQUIST in his individual capacity,
11  and J. NORDQUIST, INC. d.b.a. COMPLETE
    WELLNESS FAMILY CHIROPRACTIC,
                                                    Case No. C06-5433 FDB
12
             Plaintiffs,
                                                    ORDER GRANTING DEFENDANTS'
13                                                  MOTION TO TRANSFER VENUE
         v.
14
    KISTIN BLACKHAM, in her individual
15  capacity and as president of CWFC, INC.,

16           Defendants.

17

18       This matter comes before the Court on the motion of Defendants Kristin Blackham and

19  CWFC, Inc. to transfer venue to the Northern District of Texas, Fort Worth Division.  Defendants

20  assert that pursuant to 28 U.S.C. § 1391(a) venue of this action lies only in the Northern District of

21  Texas.  Alternatively, venue should be transferred pursuant to 28 U.S.C. § 1440(a) for the

22  convenience of the parties and witnesses and in the interest of justice.  Plaintiffs respond that venue is

23  proper in Washington as a substantial part of the events giving rise to the claim occurred in

24  Washington and the interest of justice is best served in Washington.  After reviewing all materials

25  submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants

26  ORDER - 1

1   Defendants' motion and transfers this action to the Northern District of Texas, Fort Worth Division
2   for the reasons stated below.

3   **INTRODUCTION AND BACKGROUND**

4       This action stems from the sale of a chiropractic business.  During the relevant period,
5   Plaintiff Jon Nordquist and J. Nordquist, Inc. d.b.a. Complete Wellness Family Chiropractic was
6   headquartered in Weatherford, Texas with a satellite operation in Mineral Wells, Texas.  Defendant
7   Kristin Blackham is former employee residing in Parker County, Texas.  CWFC, Inc., now known as
8   CWC, Inc., is a Texas corporation doing business in Parker County, Texas.  Prior to January 26,
9   2004 the parties to this cause of action entered into negotiations in Texas for the sale of Complete
10  Wellness Family Chiropractic.  Before the contract was finalized, Plaintiff Jon Nordquist moved his
11  residence from Texas to Washington.  On January 26, 2004 Kristin Blackham signed the Asset
12  Purchase Agreement and sent it to Jon Nordquist in Washington for his acceptances and signature.
13  Plaintiff signed the agreement on January 29, 2004 and returned a copy via facsimile.  The contract
14  provides that the agreement shall be governed by and its terms construed under the laws of the State
15  of Texas.  By the terms of the agreement, the Defendants purchased the business for $90,000,
16  secured by a promissory note.  The contract further provides the seller warrants and represents that
17  the seller is the owner of the business and its assets free of all debts, liens, and encumbrances.  The
18  seller agrees to indemnify, hold harmless and defend purchasers should any liens or actions be
19  asserted against the assets.

20      Plaintiffs filed suit in the Western District of Washington.  The complaint asserts that
21  Defendants took possession of the business, made two full monthly payments on the note and have
22  failed to make further payments.  Plaintiff claims a breach of contract entitling Plaintiff to specific
23  performance and damages.  The Defendants answer and counterclaim that Plaintiff breached the
24  contract through misrepresentations concerning outstanding liabilities against the assets of the
25  business.  Defendants pray for dismissal of the complaint and an award of damages.

26  ORDER - 2

**VENUE - 28 U.S.C. § 1391(a)**

An action based solely on diversity jurisdiction may be brought only in venues that meet the criteria of 28 U.S.C. § 1391(a), which provides that venue is proper in (1) a judicial district where any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. It is clear that this case could have been brought in Texas under 28 U.S.C. § 1319(a)(1) and (2), because at all times relevant, defendant was a Texas resident and the property that is the subject of the contract is there.  Nonetheless, Plaintiff argues that Washington is the proper venue because a "substantial part of the events or omissions giving rise to the claim occurred" in Washington.  The court cannot agree.

The fact that Defendants' contacts with Washington are sufficient to establish personal jurisdiction does not necessarily mean that venue is proper here. See, e.g., Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2nd Cir. 2005).  Rather, the Court focuses on the location of the relevant events giving rise to the claim.  The overarching purpose of Section 1391(a) is to further the convenience of the parties. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986).  In determining whether venue is proper under 28 U.S.C. § 1391(a)(2), only those events and omissions that directly give rise to the claim are relevant. Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003).  The events must be substantial, have a nexus with the claims alleged, and reflect defendants' activities, not those of plaintiffs.  See, Jenkins, at 1372; Woodke v.Dahm, 70 F.3d 983, 985 (9th Cir. 1995).  Relevant factors to be considered in a contract action are where the negotiations took place, where the contract was signed, where performance or breach occurred, or the place where parties acted or were engaged in business.  Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001).  In Decker Coal, the Ninth Circuit found that, in a breach of contract case,

ORDER - 3

1  the most appropriate venue is the place where the contract was intended to be performed.  Decker

2  Coal, at 842.  The court favored "this rule because the place of performance is determined at the

3  inception of the contract and therefore parties can anticipate where they may be sued.  Furthermore,

4  the place of performance is likely to have a close nexus to the underlying events."  Id.  A similar

5  analysis applies to tort claims: the place where the alleged injuries occurred is a relevant factor in

6  establishing venue under the "substantial part" test.  Bates v. C & S Adjusters, Inc., 980 F.2d 865,

7  866 (2nd Cir. 1992).

8          In this case the chiropractic business is located in Texas, as is the Defendant Blackham.

9  Plaintiff Nordquist owned and operated the chiropractic practice while residing in Texas.  The in-

10  person contract negotiations between Plaintiff and Defendant occurred in Texas.  The contacts with

11  Washington only occurred when Plaintiff moved his residence to Washington during the course of

12  negotiations.  The fact payments were sent to Plaintiff in Washington and the contract was executed

13  by Plaintiff in Washington does not weigh heavily in determining that Washington is a location of the

14  relevant events giving rise to the claim.  The contract was negotiated and performed primarily in

15  Texas, not Washington.  It follows that any alleged breach occurred in Texas, even if the aftermath

16  was felt by Plaintiff in Washington.  Under the "substantial part" test, Texas is the proper venue.

17  Defendants' motion to transfer venue to the Northern District of Texas will be granted.

18                          **TRANSFER OF VENUE - 28 U.S.C. § 1404**

19          Even were the Court to find Washington an appropriate venue pursuant to 29 U.S.C.

20  1391(a)(2), it would be appropriate to transfer venue to the Northern District of Texas.  "For the

21  convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

22  action to any other district or division where it might have been brought."  A motion for transfer

23  pursuant to § 1404(a) lies within the discretion of the Court.  Jones v. GNC Franchising, Inc., 211

24  F.3d 495, 498 (9th Cir. 2000).  The decision whether to grant such a motion turns on the facts of the

25  particular case.  Id.  The factors to be weighed in deciding a motion for transfer include: (1) the

26  ORDER - 4

location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum; (5) the differences in the costs of litigation in the two forums; (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (7) the ease of access to sources of proof; and (8) the relevant public policy of the forum state, if any. Id. at 498-99.  Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

### 1. The location where the relevant agreements were negotiated and executed

The parties dispute where the majority of the agreement was negotiated.  According to Plaintiff's facts, the corporate entity was added to the contract through negotiations made after Plaintiff was in Washington.  Defendant asserts the agreement was negotiated in-person while the parties resided in Texas.  It is undisputed that Defendant executed the agreement in Texas and Plaintiff in Washington.  Accordingly, this factor does not weigh heavily for or against transfer.

### 2. The state that is most familiar with the governing law

It is undisputed that the choice of law (Texas) was contractually agreed by the parties. Accordingly, the choice of law factor favors transfer to Texas.

### 3. The plaintiff's choice of forum

The third factor weighs in favor of Plaintiffs because Plaintiffs chose a Washington forum and resides in the Western District of Washington. This factor is generally given significant weight when the plaintiff resides in the chosen forum. Warfield v. Gardner, 346 F. Supp.2d 1033, 1044 (D. Ariz. 2004); Williams v. Bowman, 157 F. Supp.2d 1103, 1006 (N.D. Cal. 2001).  However, the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue

ORDER - 5

1    choice lacks a significant connection to the activities alleged in the complaint.  <u>Carolina Cas. Co. v.</u>

2    <u>Data Broadcasting Corp</u>., 158 F. Supp.2d 1044, 1048 (N.D. Cal. 2001).  Because Plaintiff Nordquist

3    resides in the Western District of Washington this factor weighs against transfer.

4    **4. The respective parties' contacts with the forum and the contacts relating to the**

5    **plaintiff's cause of action in the chosen forum**

6    Plaintiff has not provided facts to support the objection to transfer based on this factor other

7    than he moved to Washington during negotiations and signed the contract in Washington.  A

8    plaintiff's choice of forum is given much less weight when the forum lacks any significant contact with

9    the activities alleged in the complaint.  As previously noted, the business is located in Texas, the

10   Defendants reside in Texas, and the Plaintiff resided in Texas while operating the business and during

11   significant negotiations of the sale.  This factor weighs heavily in favor of transfer.

12   **5. The difference in costs of litigation**

13   The parties have not addressed this factor in detail.  Generally, litigation costs are reduced

14   when venue is located near most of the witnesses expected to testify or be deposed.  The convenience

15   of the witnesses is often the most important factor when determining which forum would be the most

16   convenient.  <u>Florens Container v. Cho Yang Shipping</u>, 245 F. Supp.2d 1086, 1092 (N.D. Cal. 2002).

17   Here, all potential witnesses and parties, save one, reside in northern Texas.  Accordingly, this factor

18   favors transfer.

19   **6. The availability of compulsory process of non-party witnesses**

20   Plaintiff has not argued if transfer occurred, he would be unable to compel the testimony of

21   non-party witnesses. Defendant has identified potential non-party witnesses, all residing within the

22   Northern District of Texas.  The Texas witnesses are outside the subpoena power of the Western

23   District of Washington. Fed. R. Civ. P. 45.  Thus, this factor favors transfer.

24

25   **7. Ease of access to sources of proof**

26   ORDER - 6

1    Plaintiff has not identified specific sources of proof to be found in the Western District of

2    Washington.  Defendants have identified evidence located only in the Northern District of Texas –

3    location of the assets of the sale and potential witnesses.  Transfer of venue to Texas would make the

4    documents and witnesses more accessible.  Thus, this factor weighs in favor of transfer.

5    **8. Public policy considerations of the forums**

6    No party has cited authority why Washington or Texas have a greater interest in enforcing this

7    contract.  Accordingly, this is a neutral factor.

8    Weighing all of the above factors, the Court concludes that transfer of venue is appropriate.

9    Accordingly, the Court will grant the notion to transfer.

10   **CONCLUSION**

11   For the reasons stated above, the Court finds the Northern District of Texas is the only proper

12   jurisdiction for venue.  Alternatively, for the convenience of parties and witnesses, in the interest of

13   justice it is appropriate to transfer this action to the Northern District of Texas.

14   ACCORDINGLY;

15   IT IS ORDERED:

16   Defendants' Motion to Transfer Venue [Dkt. #7] is **GRANTED** and this matter is to br

17   transferred to the Northern District of Texas, Fort Worth Division.

18   DATED this11th day of September, 2006.

19

20

21

22   FRANKLIN D. BURGESS
     UNITED STATES DISTRICT JUDGE

23

24

25

26   ORDER - 7